IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUDOLPH A. KARLO, MARK K. MCLURE, WILLIAM S. CUNNINGHAM, JEFFREY MARIETTI, DAVID MEIXELSBERGER, BENJAMIN D. THOMPSON, and RICHARD CSUKAS, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 10-1283 Judge Nora Barry Fischer |
| vs. | ) ) | |
| PITTSBURGH GLASS WORKS, LLC, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Pending before the Court is Plaintiffs' "Motion for Leave to File Second Amended Complaint." (Docket No. [87]). After consideration of the motion, Defendant's response in opposition (Docket No. 92), and Plaintiffs' reply, (Docket No. 95), Plaintiffs' motion [87] is DENIED for the reasons that follow.

### I. Background

#### a. Procedural Background

This case was filed on September 29, 2010. (Docket No. 1). After cross-motions to dismiss, (Docket Nos. 9, 24), and a motion to strike (Docket No. 26) were filed with this Court, but before the motions were adjudicated (*see* Docket No. 69), Plaintiffs filed a first Amended Complaint on February 15, 2011. (Docket No. 54). The Court then convened a case management conference on April 14, 2011. (Docket No. 74).

In its original Case Management Order, the Court ordered that "[a]ny motions to amend pleadings or to add new parties shall be filed no later than **April 15, 2011.**" (Docket No. 75 at ¶

1

14) (emphasis in original). On July 15, 2011, the Court issued an Amended Case Management Order. (Docket No. 83). While certain dates were changed based on the Amended Case Management Order, the Court did not change the deadline for filing motions to amend pleadings or to add new parties. (Docket No. 83 at ¶ 14).

On October 3, 2011, Plaintiffs filed both the instant motion (Docket No. 87) and their "Motion for Conditional Class Certification and Court-Facilitated Notice." (Docket No. 88). The next day, they filed their brief in support of the motion for certification. (Docket No. 91). That brief "refer[red] this Court to the factual allegations set forth in the proposed Second Amended Complaint, as well as the affidavits and exhibits attached hereto." (*Id.* at 2). Defendant then filed its response to the instant motion, (Docket No. 92), and Plaintiffs filed their reply. (Docket No. 95).

**b.     The Parties' Arguments**

Plaintiffs claim that the Second Amended Complaint "relate[s] to facts recently developed in discovery," pertaining to a Reduction in Force ("RIF") orchestrated by Kohlberg & Co. and Defendant's senior management. (Docket No. 87 at ¶ 1). This amended pleading, so they assert, will "tightly narrow the focus of Representative Plaintiffs' claims…" (*Id.* at ¶ 2). They also assert, without support, that "Defendant will not be prejudiced by the proposed amendments." (*Id.* at ¶ 4).

Defendant responds with four points. First, it argues that the motion to amend is not timely. (Docket No. 92 at 1- 2). Second, Defendant argues that amendment will cause Defendant undue prejudice "by changing… the very premise of Plaintiff's [sic] claims." (*Id.* at 1). Third, Defendant claims that facts added to the proposed Second Amended Complaint are irrelevant and ripe to be stricken. (*Id.*). Finally, Defendant argues that it would be prejudiced

because Plaintiffs were all deposed based on their prior pleadings and briefing is already underway as to Plaintiffs' motion for conditional certification. (*Id.*).

In reply, Plaintiffs argue that Rule 15(a) of the Federal Rules of Civil Procedure is determinative. (Docket No. 95 at 3). Under Rule 15, they say, motions for leave to amend should be denied only upon a finding of undue delay, bad faith, futility, or substantial prejudice to the nonmoving party. (*Id.*).

Plaintiffs also argue that their motion was timely filed. (*Id.* at 4). This argument seems to be premised upon the idea that amendment has been allowed by other courts where proceedings were advanced far beyond the posture of the instant case. (*See id.* at 4-5) (citing cases where amendment was allowed 2, 3 and 7 years after suit was filed). All of the cited cases relied upon Rule 15(a). *See Zeigan v. Blue Cross & Blue Shield*, 607 F.Supp. 1434 (S.D.N.Y. 1985)[1]; *Fli-Fab, Inc. v. United States*, 16 F.R.D. 553, 555 (D.R.I. 1954)[2]; *Hirshhorn v. Mine Safety Appliance Co.*, 101 F.Supp. 549, 551-52 (W.D. Pa. 1951).

The Court notes here that Defendant's response, at least with respect to timeliness, clearly, albeit inartfully, relies on Rule 16. Defendant expressly refers to the April 15, 2011 deadline set by the Court. (*See* Docket No. 92 at 1). What they do not say is that modification of the Court's Case Management Orders (Docket Nos. 75, 83) is governed by Rule 16, such that Rule 15 has no bearing on the timeliness issue raised by Defendant and based on the Orders.

---

[1] *Zeigan* does not directly cite to Rule 15 in the opinion, but the Court is clearly applying the Rule 15 standard when it states that "mere delay alone, absent a showing of bad faith or undue prejudice, does not provide a basis for barring amendment of pleadings." 607 F.Supp. at 1438. Moreover, the two cases it cites to for this proposition are both decided under Rule 15. *See generally Fustok v. Conticommodity Services, Inc.*, 103 F.R.D. 601 (S.D.N.Y. 1984); *State Teachers Retirement Bd. V. Fluor Corp.*, 654 F.2d 843 (2d Cir. 1981).

[2] *Fli-Fab* mis-states that it is applying "Rule 5(a)," 16 F.R.D. at 555, but the language and substance of the rule make clear that the Court was referring to Rule 15(a).

This point is implicitly recognized by Plaintiffs in their reply, at footnote 5, where they cite to three cases that rely upon the "good cause" standard under Rule 16. *See Gregg v. Ohio Dept. of Youth Services*, 661 F.Supp.2d 842, 849 (S.D. Ohio 2009); *Bowers v. American Heart Ass'n., Inc.*, 513 F.Supp.2d 1364, 1368 (N.D. Ga. 2007); *Dozier v. Rowan Drilling Co., Inc.*, 397 F.Supp.2d 837, 855 (S.D. Tex. 2005). Thus, although neither party referred directly to Rule 16, it plays a role in the instant motion, and the Court will not ignore that Rule.

## II.     Legal Standard

The threshold issue in resolving a motion to amend is the determination of whether the motion is governed by Rule 15 or Rule 16 of the Federal Rules of Civil Procedure. *See Graham v. Progressive Direct Insurance Co.*, 271 F.R.D. 112, 118 (W.D. Pa. 2010). Under Rule 15(a)(2), leave to amend the pleadings should be "freely granted when justice so requires." Fed.R.Civ.P. 15(a)(2). Rule 16, on the other hand, requires a party to demonstrate "good cause" prior to the Court amending its scheduling order. Fed.R.Civ.P. 16(b)(4). Thus, there is "tension" between the two Rules. *See Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d. Cir. 2010). This "tension" has not been resolved directly by the Court of Appeals. *See Graham*, 271 F.R.D. at 118.[3]

Even without guidance from the Court of Appeals, this Court's sisters within the Third Circuit have consistently reached the same conclusion: a party seeking to amend the pleadings *after the deadline set by the Court* must satisfy the requirements of Rule 16(b)(4) – i.e., they must show "good cause." *See Price v. Trans Union, LLC*, 737 F.Supp.2d. 276, 279 (E.D. Pa.

---

[3] The only case from the Court of Appeals since *Graham* to discuss both Rule 15(a) and Rule 16(b) is *Assadourian v. Harb*, 430 Fed. App'x 79 (3d Cir. 2011), which likewise did not directly address the difference between the two rules. *See id.* at **2 (concluding that "regardless of whether we apply Fed.R.Civ.P. 15(a)… or Rule 16(b)," it was appropriate to deny the motion to file a fourth amended complaint).

2010) ("where a party seeks to amend its pleadings after a deadline set by court order, the decision whether to allow the amendment is controlled by Rule 16(b),"); *see also Componentone, L.L.C. v. Componentart, Inc.*, 2007 WL 2580635, *2 (W.D. Pa. Aug. 16, 2007) ("once the pretrial scheduling order's deadline for filing motions to amend the pleadings has passed, a party must, under Rule 16(b), demonstrate 'good cause' for its failure to comply with the scheduling order before the trial court can consider, under Rule 15(a), the party's motion to amend its pleading."); Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE, 6A Fed. Prac. & Proc. Civ. § 1522.2 (3d ed. 2010) ("to the extent that other federal rules, such as Rule 15 governing pleading amendments, contain a more lenient standard than good cause, the Rule 16(b) standard controls any decisions to alter a scheduling order for purposes of making pleading amendments and it must be satisfied before determining whether an amendment should be permitted under Rule 15."). Where, as here, the motion was filed after the deadline set by the Court, the movant must satisfy the requirements of Rule 16 before the Court will turn to Rule 15.

## III. Discussion

Having found that the requirements of Rule 16 must be satisfied before the Court can analyze Rule 15, the Court begins its analysis of Plaintiffs' motion under Rule 16. Because the Court is of the opinion that Plaintiffs have not shown good cause, the Court need not address Rule 15.

### a. Rule 16

#### i. Rule 16 Standard

Rule 16 of the Federal Rules of Civil Procedure authorizes a Court to enter pretrial scheduling orders setting deadlines for the completion of discovery, the amendment of pleadings, and the joinder of parties. *See Graham*, 271 F.R.D. at 119. Rule 16 also provides that "[a]

schedule may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). "The purpose of limiting the period for amending the pleadings is to assure 'that at some point both the parties and the pleadings will be fixed.'" *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 154 (1st Cir. 2004) (quoting Fed.R.Civ.P. 16, Advisory Committee Note (1983)).

The good cause standard of Rule 16 requires diligence on the part of the party seeking to amend the pleadings. *Componentone*, 2007 WL 2580635, at *2. "[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met *despite the diligence of the party seeking the extension.*" Fed.R.Civ.P. 16, Advisory Committee Note (emphasis added). "[I]f the party was not diligent, there is no 'good cause' for modifying the scheduling order and allowing the party to file a motion to amend its pleading." *Chancellor v. Pottsgrove Sch. Dist.*, 501 F.Supp.2d 695, 701 (E.D. Pa. 2007) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("If [a] party was not diligent, the inquiry should end."). The moving party has the burden of demonstrating "good cause." *Graham*, 271 F.R.D. at 119.

ii. Rule 16 Analysis

In this Court's estimation, Plaintiffs have not demonstrated that they were diligent in pursuing the discovery that they claim led to the motion to amend. (*See* Docket No. 87 at ¶ 1) (claiming that the amendment "relate[s] to facts recently developed in discovery…"). To the contrary, Plaintiffs' argument in its reply demonstrates that they were anything *but* diligent in pursuing the relevant discovery.

This suit was filed on September 29, 2010. (Docket No. 1). On January 27, 2011, the parties filed their Report of the Rule 26(f) planning meeting. (Docket No. 39). In that Report, the parties agreed that March 15, 2011 should be the date by which pleadings should be

6

amended. (*Id.* at ¶ 9.c). Subsequently, the parties filed a supplemental report, but that report did not change the deadline for amending pleadings. (*See generally* Docket No. 72). The initial Case Management Order set a deadline for amendment of *April* 15, 2011, a month later than the parties had requested. (Docket No. 75).

In their reply, Plaintiffs acknowledge – immediately after recognizing that April 15, 2011 was the deadline for amending pleadings – that "Plaintiffs only served their first set of discovery requests on [April 15, 2011]." (Docket No. 95 at 5). To be clear, Plaintiffs – who initiated this suit in September, 2010 – *did not even initiate discovery* until April, 2011. They evidently engaged in little to no discovery for six months after initiating the suit. This is exactly the opposite of diligence. Plaintiffs have, therefore, failed to make a showing of good cause that might induce this Court to modify its Case Management Order.

Moreover, Plaintiffs argue that they did not receive the discovery, which presumably led to their motion to amend, until June and July of 2011. (Docket No. 95 at 5). The Court notes that the vast majority of Defendant's written discovery response was produced by June 23, 2011 – only 17 of 6446 Bates pages were produced thereafter. (*Id.* at 5 n.6).

The Court amended its Case Management Order, *for good cause shown*, on July 15, 2011. (Docket No. 83 at 1). Thus, Plaintiffs had several weeks after production in which they could have raised concerns over the possibility of the amendment they now seek. They did not do so. Nor did they express any concerns when the Court allowed the parties to review its Amended Case Management Order before it issued. (*See* Docket No. 80[4]). No issue was raised

---

[4] To this end, the Court's law clerk forwarded a copy of the draft Amended Case Management Order to counsel on July 5, 2011. No response was directed toward the deadline of amendment of the pleadings.

7

as to the deadline for amending the pleadings.[5]

Additionally, Plaintiffs' motion for conditional certification was due by October 3, 2011. (Docket No. 82 at ¶ 4). Their motion was timely filed. (*See* Docket No. 88). However, it relied upon the Amended Complaint proposed in the instant motion, which was also filed on October 3. (Docket No. 87). Where a motion for certification is dependent upon an amended pleading, a *diligent* party should file the motion to amend before the deadline for certification. As with the requests for discovery made at the deadline to amend the pleadings, filing a motion to certify at the last minute, along with a motion to amend (also filed at the last minute for certification purposes) is not diligent.

The foregoing makes clear that Plaintiffs failed to demonstrate that they exercised due diligence in seeking the discovery they now claim to be critical to their proposed amendment. Nor did they express to the Court any desire to extend the pleading deadline when the Court addressed amendment of the initial Case Management Order. The failure to do so, especially given the several weeks between production of the relevant documents and amendment of the Order, is another example of a lack of diligence on the part of the Plaintiffs. Since the burden of showing good cause is placed upon the Plaintiffs, *Graham*, 271 F.R.D. at 119, and they have failed to make this showing, the Court finds that Rule 16(b)(4) requires denial of the motion.

    **b.**    **Rule 15**

Because the Court has found that amendment should be barred under Rule 16, the Court need not address the application of Rule 15.

---

[5] The original and amended Case Management Orders both set April 15, 2011 as the date by which amendment of the pleadings must be sought. (*See* Docket Nos. 75 at ¶ 14; 83 at ¶ 14).

## IV. Conclusion

For the foregoing reasons, Plaintiffs' motion to amend their complaint [87] is DENIED, *without prejudice*.[6] An appropriate Order follows.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: October 31, 2011
cc/ecf: All counsel of record.

---

[6] The Court notes, if Plaintiffs were to join either Kohnberg or Wiggins as additional parties as they threaten, (*see* Docket No. 95 at 11 n.10), the averments at issue in their proposed Second Amended Complaint may be asserted in such joinder. The Court also notes that Plaintiffs may be able to amend their pleadings to conform to the evidence at trial under Rule 15(b). However, as Rule 16 is determinative at this juncture, the Court is compelled to deny the motion at it stands.