IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUDOLPH A. KARLO, MARK K. MCLURE, WILLIAM S. CUNNINGHAM, JEFFREY MARIETTI, DAVID MEIXELSBERGER, BENJAMIN D. THOMPSON, and RICHARD CSUKAS, on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>        vs.<br><br>PITTSBURGH GLASS WORKS, LLC,<br><br>            Defendant. | Civil Action No. 10-1283<br>Judge Nora Barry Fischer |

**MEMORANDUM ORDER**

Pending before the Court is Plaintiffs' Motion to Compel. (Docket No. 159). The Court has considered the record before it, including Plaintiffs' brief in support (Docket No. 160) and supporting exhibits (Docket Nos. 159-2, 4, 5, 6, 7 and 8). It has also considered the Defendant's brief in opposition (Docket No. 163) and supporting exhibits. (Docket Nos. 163-1, 2 and 3). The Court also considered the positions expressed by the parties in the February 23, 2012 status conference, prior to the instant motion's filing. (*See* Docket Nos. 156, 175). For the following reasons, the motion [159] will be DENIED, in part, and GRANTED, in part.

The Court begins by noting that it agrees entirely with the reasoning of the court in *McLaughlin v. Diamond State Port Corp.*, Civ. No. 03-617, 2004 WL 3059543 (D. Del. Dec. 30, 2004), which observed that:

> Just as subsequent remedial measures are generally inadmissible under Fed.R.Evid. 407, a defendant's attempt to reverse allegedly discriminatory

1

>practices should also be inadmissible. It would be perverse indeed if attempts to reverse discrimination could be used to condemn a defendant. Such use of evidence would only serve to discourage reform, and the court will not permit it.

*Id.* at *3. Thus, to the extent that Plaintiffs seek to support or demonstrate liability in 2009 based on the state of affairs in 2011, the Court is not persuaded that the specifics of the 2011 RIF are relevant to the pending case. However, because PGW agreed to provide a copy of the RIF Guidelines that are currently in place (Docket No. 163-2 at 2), the Court will order production of same. The Court will likewise order PGW to respond to Interrogatory #1, as it has already offered to do so. (*Id.*).

With respect to the remainder of the interrogatories, the Court first notes that the Plaintiffs have not made a showing of good cause to go beyond the already-inflated 40 interrogatories provided for in the Court's amended case management order. (*See* Docket No. 83 at ¶ 10). The only reason Plaintiffs *might* be entitled to any additional discovery is because it appears PGW agreed to the expansion (*see* Docket No. 163 at 3), as provided in the Court's order. (*See* Docket NO. 83 at ¶ 10 (the number of interrogatories "may be increased further by agreement of the parties.")).

The Court agrees with PGW that the discovery sought here "is tantamount to adding an entire equally-sized case to this matter." (Docket No. 163 at 1). The Court does not believe that discovery into meetings, names, or addresses related to the 2011 RIF will have any significant relevance to Plaintiffs' claims, which pertain only to the 2009 RIF. Allowing Plaintiffs to conduct discovery down all of these avenues will further delay this already old case. However, the Court does believe that some of the evidence sought may be probative as to the Plaintiffs' allegation of a pattern or practice of discrimination. Hence, the Court is inclined to grant the motion with respect to statistical evidence that may demonstrate discrimination. Thus, the Court will generally deny the motion, with certain limited exceptions pertaining to statistical evidence,

evidence which PGW otherwise agreed to provide, or other evidence which is not unduly burdensome.

IT IS HEREBY ORDERED that Plaintiffs' motion [159] is GRANTED, in part, and DENIED, in part.  PGW is ordered to produce the following:

1. The RIF Guidelines currently in place at PGW.

2. Answers to the following interrogatories from Plaintiffs' Second Set of Interrogatories Directed to Defendant:

    a. Interrogatory # 1.

    b. Interrogatory # 8.

    c. Interrogatory # 11.

    d. Interrogatory # 12.

    e. Interrogatory # 13, only to the extent that PGW must provide information on Mr. Wiggins' ownership, compensation and other income earned from PGW, as well as the identity of other Kohlberg & Co. companies in which Mr. Wiggins has an ownership interest.

    f. Interrogatory # 14.

    g. Interrogatory # 18, to the extent that it applies to the interrogatories identified in this order.

3. All of the documents requested in the Plaintiffs' Third Set of Requests for Production of Documents Directed to Defendant.

PGW shall comply within 30 days of this Court's Order, i.e. on or before June 11, 2012.

<u>s/Nora Barry Fischer</u>
Nora Barry Fischer
United States District Judge

Date: May 11, 2012

cc/ecf: All counsel of record.