IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUDOLPH A. KARLO, MARK K. MCLURE, WILLIAM S. CUNNINGHAM, JEFFREY MARIETTI, DAVID MEIXELSBERGER, BENJAMIN D. THOMPSON, and RICHARD CSUKAS, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>   vs.<br><br>PITTSBURGH GLASS WORKS, LLC,<br><br>        Defendant. | Civil Action No. 10-1283<br>Judge Nora Barry Fischer |

## MEMORANDUM ORDER

Pending before the Court is the Defendant's "Motion to Certify for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b)." (Docket No. 186). The motion has been fully briefed by both parties, (*see* Docket Nos. 187, 195, 198, 201), and is therefore ripe for disposition. Upon consideration of the Defendant's Motion (Docket No. 186), the motion [186] is DENIED, without prejudice to the Defendants renewing their arguments after the Court has ruled upon decertification.

### I. Introduction

The pending motion arises in the wake of the Court's opinion and order granting conditional certification of the Plaintiffs' collective action for putative age discrimination class comprised of members of 50 years of age and older. (Docket Nos. 179, 180). As the parties are aware of the facts, the Court declines to restate them here. The Court's opinion raised three issues for which the Defendant seeks leave to appeal under § 1292(b):

(1) whether sub-grouping is permitted in disparate impact claims under the Age Discrimination in Employment Act ("ADEA");

(2) whether courts should apply *Dukes v. Wal-Mart Stores, Inc.* to each stage of the collective action certification process and require at the condition[al] certification stage a modest factual showing that Plaintiffs and the proposed class are similarly situated without reliance on the alleged "corporate culture" at the defendant corporation; and

(3) whether the "modest factual showing" required for conditional certification includes a modest showing that the proposed class members can present a claim for disparate impact.

(Docket No. 187 at 1). The Plaintiffs oppose the motion.

**II.     Legal Standard**

28 U.S.C. § 1292(b) allows for certification of a question for interlocutory appeal if the order at issue "(1) involve[s] a 'controlling question of law,' (2) offer[s] 'substantial ground for difference of opinion' as to its correctness, and (3) if appealed immediately 'materially advance[s] the ultimate termination of the litigation.'" *Katz v. Carte Blanch Corp.*, 496 F.2d 747, 754 (3d Cir. 1973) (*quoting* 28 U.S.C. § 1292(b)). Even if the moving party satisfies the statutory criteria, the district court "possesses discretion to deny certification of an appeal." *In re Chocolate Confectionary Antitrust Litig.*, 607 F. Supp. 2d 701, 708 (M.D. Pa. 2009). However, such discretion should not be exercised when "certification will materially advance the instant matter and bring clarity to a still-developing area of law." *Id.*

In determining whether an order presents a controlling question of law, the Court must look to whether (1) an incorrect disposition would constitute reversible error if presented on final appeal or (2) if the question is "serious to the conduct of the litigation either practically or legally." *Katz*, 496 F.2d at 755. The clearest evidence of "substantial grounds for difference of opinion" is where "there are conflicting interpretations from numerous courts." *Beazer E., Inc. v. The Mead Corp.*, No. 91-408, 2006 WL 2927627, at *2 (W.D. Pa. Oct. 12, 2006) (Diamond, J.). And, in terms of determining whether appeal would materially advance the ultimate

termination of litigation, courts look to "(1) whether the need for trial would be eliminated; (2) whether the trial would be simplified by the elimination of complex issues; and (3) whether discovery could be conducted more expeditiously and at less expense to the parties." *Patrick v. Dell Fin. Servs.*, 366 B.R. 378, 387 (M.D. Pa. 2007).

**III.   Analysis[1]**

Because of the procedural posture of this case, the Court concludes that the requirements for interlocutory appeal are not met at this time. The Court finds that not all of the necessary elements are present and, even if they were, the Court would exercise its discretion not to certify until after a final determination on certification.

The Court notes preliminarily that, with respect to *all* questions raised by the Defendant, the Court's opinion is merely conditional. The Court has ruled only that Plaintiffs are entitled to provide notice and take discovery as to the putative class. It has not made a final ruling on certification, and will not do so until discovery is complete with respect to the putative class. While the Court understands that discovery may result in some expense, the Court is also not persuaded to grant interlocutory appeal merely because discovery may be expensive. To this end, the Court finds instructive the decision in *Craig v. Rite Aid Corporation*, Civ. No. 08-2317, 2010 WL 1994888 (M.D. Pa. Feb. 4, 2010), and would refer Defendants to that opinion. The defendants' arguments in that case were similar to those put forth here, and the procedural posture was virtually identical. For example, the Court there had granted conditional certification, i*d.* at *1, just as this Court has done.

---

[1] The Court does not summarize the parties' arguments in detail because they are simply summarized: Defendant argues that each question for which it seeks certification satisfies the interlocutory standard, and Plaintiff argues they do not. The Court has considered all arguments, but does not regurgitate them for the sake of judicial economy.

The defendants in *Craig* likewise argued that the Third Circuit needed to "determine the appropriate quantum and type of evidence to consider in evaluating the propriety of conditional certification and the extent to which a district court should consider the manageability of the proposed collective action." *Id.* at *2. This argument mirrors the instant Defendant's arguments here that dispute the Court's analysis of *Dukes*[2] and its modest factual showing determination.[3] If both of these disputes remain after final certification, the Court will reconsider interlocutory appeal at that time, but finds such a motion premature at this stage. The *Craig* defendants also

---

[2] The *Dukes* case addressed Rule 23 class actions. *See Dukes*, 131 S.Ct. 2541, 2547 ("We consider whether the certification of the plaintiff class was consistent with Federal Rules of Civil Procedure 23(a) and (b)(2)."). This case, on the other hand, was decided under 29 U.S.C. § 216(b), as incorporated into the ADEA via 29 U.S.C. § 626(b). The Court would note that, while the Court of Appeals for the Third Circuit has not directly addressed the issue of whether Rule 23 and collective action cases are governed by similar standards, at least one other Circuit Court has. *See Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 n. 12 (11th Cir. 1996) ("[I]t is clear that the requirements for pursuing a § 216(b) class action are independent of, *and unrelated to*, the requirements for class action under Rule 23 of the Federal Rules of Civil Procedure."). Even so, this Court did not flatly refuse to apply *Dukes*, as Defendant's question on certification would indicate. Instead, the Court noted that, "*even if Wal-Mart* was applicable, it would not lead this Court to conclude that conditional certification should be denied." (Docket No. 179 at 27 n. 13) (emphasis in original). Thus, what the Defendant here is actually challenging is this Court's application of the *Dukes* standard to the facts before it.

[3] With respect to this determination, Defendant asserts that this Court "altered the Third Circuit standard from a modest showing that the proposed class of plaintiffs were similarly situated as a result of a single policy or plan 'infected' by discrimination, to just a 'single policy or plan.'" (Docket No. 187 at 12-13). To the contrary, the Court merely held that it would not allow Defendant to skirt the conditional certification process by introducing statistical evidence when the Plaintiffs had not done so, nor were they so required. Instead, the Court considered all of the evidence and determined that the class could move forward. That evidence that the Court cited included, *inter alia*, the fact that there was a single, company-wide RIF, that all named and proposed plaintiffs were over 50 years of age at termination, the affirmative refusal to provide at least one of those plaintiffs the commonly-granted opportunity to apply for alternative positions, evidence that "adaptability" was considered, and the lack of documentation about the RIF. (*See id.* at 24-25). Additional evidence that the Court did not expressly rely on in that portion of the opinion include the multiple affidavits filed by named and proposed plaintiffs. (*See* Docket Nos. 88-8 (affidavits of named Plaintiffs Csukas, Cunningham, Karlo, Marietti, McLure, Meixelsberger and Thompson); 88-9 (affidavits of potential opt-in Plaintiffs Clawson, Shaw and Voeltzel)).

raised the specter of discovery costs, *Craig*, 2010 WL 1994888 at *2, just as Defendant does here. (*See* Docket No. 187 at 14).

The only novel issue in this case when compared to *Craig* is the sub-group holding. The Court notes that this holding may have no bearing at the next stage of certification. Depending upon what evidence is uncovered during discovery, the sub-group claim may expand to encompass all members of the over-40 class, or it may be that the class dissolves completely. With such uncertainty remaining, even the Court's sub-group holding cannot be qualified as a "controlling question of law" at the conditional certification stage.

With the foregoing in mind, the Court closes with a particularly relevant passage from *Craig*:

> We remind Defendants that their concerns about the propriety of this proposed class can be addressed at the final certification stage, after the potential Plaintiffs have been given an opportunity to opt-in to the action and after discovery has been completed. We recognize that discovery may be somewhat costly… [but that factor does not] trump our legal analysis in any event."

*Craig*, 2010 WL 1994888 at *3.

### IV. Conclusion

With the foregoing in mind, IT IS HEREBY ORDERED that the Defendant's motion [186] is DENIED, without prejudice to renewal after the Court's final determination on collective action certification.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: July 20, 2012

cc/ecf: All counsel of record.