IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUDOLPH A. KARLO, MARK K. MCLURE, WILLIAM S. CUNNINGHAM, JEFFREY MARIETTI, DAVID MEIXELSBERGER, BENJAMIN D. THOMPSON, and RICHARD CSUKAS, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> PITTSBURGH GLASS WORKS, LLC, <br><br> Defendant. | Civil Action No. 10-1283 <br> Judge Nora Barry Fischer |

## **MEMORANDUM ORDER**

Presently before the Court is "Plaintiff's Motion to Hold Anthony Hartman in Contempt" filed on October 10, 2012. (Docket No. 233). In this Motion, Defendant requests that the Court hold Anthony Hartman, a former employee of Defendant, in contempt and to compel his deposition testimony. (Docket No. 200). Hartman, through his counsel John Myers, opposes this Motion. (Docket No. 237). For the following reasons, said Motion [233] is DENIED. In so holding the Court notes the following.

1. The Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii)." Fed. R. Civ. P 45(a)(3). For the reasons expressed by Hartman's Counsel, the Court finds that the subpoena was not properly served and Mr. Hartman's failure to obey must be excused.

1

2. Plaintiffs' failed to effectuate proper service on Mr. Hartman under Rule 45(a)(3) because the subpoena is defective in that it was not signed by the clerk or an attorney. (Docket No. 233 Exhibit B). *see* Fed. R. Civ. P 45(a)(3).

3. The subpoena submitted is deficient as it does not comply with both Rule 45(b) and 28 U.S.C. §1783(b) (service of a foreign witness), since appropriate attendance and mileage fees were not included. *See* Fed. R. Civ. P 45(b); *In re Dennis*, 330 F. 3d 696, 704-705 (5th Cir. 2003). The Plaintiffs' tendered only $48.00, which is an insufficient amount to cover the fees for Hartman's attendance from his current residence in China. (Docket No. 237 Exhibit) (*see also* 18 U.S.C 1821).

4. Additionally, the attempted service did not comply with 28 U.S.C §1783 and Rule 4(f) which require a showing that testimony of an individual located abroad is "necessary in the interest of justice" and service "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents" (which both the US and China have signed). *See* Fed. R. Civ. P 4 (f)(1); 28 U.S.C §1783. Plaintiffs here have not attempted to make such a showing.

5. Finally, even if Plaintiffs had properly served a valid subpoena which met all of the requirements under Rule 45, Mr. Hartman's failure to obey must be excused because the subpoena ordered Mr. Hartman, a nonparty, to appear at 500 Grant Street, Pittsburgh PA 15219, a location which is more than 100 miles away from where he presently resides and is employed, i.e. China. (Docket No. 237 Exhibit). *See* Fed. R. Civ. P. 45(e), Fed. R. Civ. P. 45(c)(3)(A)(ii)." (limiting a person who is neither a

party nor a party's officer from traveling "more than 100 miles from where that person resides, is employed, or regularly transacts business in person").

For these reasons, it is hereby ORDERED that Plaintiffs' Motion [233] is DENIED.

                                        *s/Nora Barry Fischer*
                                        Nora Barry Fischer
                                        United States District Judge

Date:   October 18, 2012

cc/ecf: All counsel of record