IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUDOLPH A. KARLO, MARK K. MCLURE, WILLIAM S. CUNNINGHAM, JEFFREY MARIETTI, and DAVID MEIXELSBERGER,<br><br>Plaintiffs,<br><br>vs.<br><br>PITTSBURGH GLASS WORKS, LLC,<br><br>Defendant. | 2:10-cv-1283 |

## MEMORANDUM ORDER OF COURT

Pending before the Court is the PLAINTIFFS' MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL AND STAY PROCEEDINGS (ECF No. 364) filed by Rudolph Karlo, Mark McLure, William Cunningham, Jeffrey Marietti and David Meixelsberger. Defendant Pittsburgh Glass Works, LLC ("PGW") filed a RESPONSE BRIEF IN OPPOSITION (ECF No. 365). For the reasons that follow, the motion will be denied.

On March 31, 2014, the Court issued a Memorandum Opinion and Order in which it granted PGW's Motion for Decertification of the Proposed Collective Action. Plaintiffs now request that the Court certify its decision for interlocutory appeal, arguing that the Court decided an issue that has not yet been ruled upon by the United States Court of Appeals for the Third Circuit and about which there remains substantial disagreement among other federal courts.

Appeals prior to final judgment are disfavored, but 28 U.S.C. § 1292(b) provides an avenue for interlocutory relief. The statute allows for certification of question for interlocutory appeal if three criteria are met: (1) the order from which the appeal is sought involves a controlling question of law; (2) there is substantial ground for difference of opinion with respect

to that question; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). *See also Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674, 676 (7th Cir. 2000) ("The criteria are conjunctive, not disjunctive.").

A "controlling question of law" is somewhat broadly defined to encompass not only "every order which, if erroneous, would be reversible error on final appeal," but also those orders which are 'serious to the conduct of the litigation, either practically or legally.'" *Litgo New Jersey, Inc. v. Martin*, 2011 WL 1134676, at *3 (D.N.J. 2011) (citing *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974)). But "[a] question that 'appears to be a controlling question of law' but nevertheless presents a question 'about a court's application of the facts of the case to the established legal standards are not controlling questions of law for purposes of section 1292(b).'" *Glover v. Udren*, CIV. 08-990, 2013 WL 3072377, at *2 (W.D. Pa. June 18, 2013) (quoting *Premick v. Dick's Sporting Goods, Inc.*, 02: 06CV0530, 2007 WL 588992, at *2 (W.D. Pa. Feb. 20, 2007)).

A "substantial ground for difference of opinion" must arise out of doubt as to the correct legal standard, such as conflicting precedent, the absence of controlling law, or complex statutory interpretation. *Id.* (*citing In re Dwek*, 2011 WL 487582, at *4 (D.N.J. 2011)). A party's strong disagreement with the Court's ruling does not constitute a "substantial ground for difference of opinion." *Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Nor does a dispute over the application of settled law to a particular set of facts. *Id.* (citations omitted).

Finally, a § 1292(b) certification "materially advances the ultimate termination of the litigation" where the interlocutory appeal eliminates: "(1) the need for trial; (2) complex issues that would complicate the trial; or (3) issues that would make discovery more costly or burdensome." *Litgo*, 2011 WL 1134676 at *3 (citations omitted).

2

The party seeking interlocutory review has the burden of persuading the district court that exceptional circumstances exist that justify a departure from the basic policy of postponing appellate review until after the entry of final judgment. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 74 (1996). Even if the criteria are satisfied, the decision to grant certification remains wholly within the discretion of the district court. *Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976).

The Court concludes that § 1292(b) certification is not warranted under the facts and circumstances of this case. Plaintiffs appear to take issue with the Court's factual conclusions rather than a controlling question of law as to which there is not established precedent.[1] The same holds true as to the second criteria. Moreover, the Court is not persuaded that a substantial ground for difference of opinion exists to justify interlocutory review based on the caselaw cited—*i.e.*, nonbinding decisions which hold only persuasive value within the Third Circuit. Rather, Plaintiff has merely expressed disagreement with the Court's ruling. The final factor also weighs against certification for interlocutory appeal: it will delay (not eliminate) trial in this almost-four-year-old action; it would not eliminate complex issues at trial; and it has no bearing on the now-closed fact discovery period. Accordingly, the MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL AND STAY PROCEEDINGS is **DENIED**.

**SO ORDERED**, this 3rd day of July, 2014.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

---

[1]. The Court did not reach the novel legal issue of whether an over-fifty-years-old subgroup is cognizable under the ADEA. From the Court's perspective, binding and controlling precedent regarding the proper approach at the decertification stage compelled this result. *See Karlo v. Pittsburgh Glass Works*, LLC, 2:10-CV-1283, 2014 WL 1317595, at *17 (W.D. Pa. Mar. 31, 2014) ("But every court to decide this [subgrouping] matter has done so within the context of a summary judgment ruling—*i.e.*, not at the decertification stage . . . The United States Court of Appeals for the Third Circuit has instructed district courts to follow the ad-hoc approach at this stage. This Court will, of course, follow that mandate."); *see also Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239, 243 (3d Cir. 2013); *Zavala v. Wal–Mart Stores Inc.*, 691 F.3d 527 (3d Cir. 2012); *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 192 (3d Cir. 2011), *rev'd on other grounds*, 133 S. Ct. 1523 (2013).

cc: Andrew J. Horowitz
Email: andrew.horowitz@obermayer.com
Bruce C. Fox
Email: bruce.fox@obermayer.com
Yuanyou Yang
Email: yuanyou.yang@obermayer.com

Tina C. Wills
Email: twills@freebornpeters.com
David S. Becker
Email: dbecker@freebornpeters.com
Jeffrey J. Mayer
Email: jmayer@freebornpeters.com
Jennifer L. Fitzgerald
Email: jfitzgerald@freebornpeters.com
John T. Shapiro
Email: jshapiro@freebornpeters.com
Nancy L. Heilman
Email: nheilman@cohenlaw.com
Robert B. Cottington
Email: rcottington@cohenlaw.com
Robert F. Prorok
Email: rprorok@cohenlaw.com

(via CM/ECF)