IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUDOLPH A. KARLO, MARK K. MCLURE, WILLIAM S. CUNNINGHAM, JEFFREY MARIETTI, and DAVID MEIXELSBERGER, <br><br> Plaintiffs, <br><br> vs. <br><br> PITTSBURGH GLASS WORKS, LLC, <br><br> Defendant. | 2:10-cv-1283 |

## MEMORANDUM ORDER

Pending before the Court is a MOTION FOR RECONSIDERATION OF ORDER DENYING PLAINTIFFS LEAVE TO SUPPLEMENT OPPOSITION TO MOTIONS FOR SUMMARY JUDGMENT AND MOTIONS TO BAR EXPERT TESTIMONY WITH DECLARATION OF JOHN D. CLAUS AND GRANTING PGW'S MOTION TO STRIKE (ECF No. 438) filed by Plaintiffs Rudolph A. Karlo, Mark K. McLure, William S. Cunningham, Jeffrey Marietti, and David Meixelsberger. Defendant Pittsburgh Glass Works, LLC ("PGW") has filed a brief in opposition (ECF No. 440). Accordingly, the motion is ripe for disposition.

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex-rel Lou—Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999) (citing *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985)). It is well-established that a party must overcome a high hurdle to succeed in such a motion. A court should exercise its discretion to alter or amend its judgment only if the movant demonstrates: (1) a change in the controlling law; (2) a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment

was granted. *See id.* Motions for reconsideration are not intended to provide a "second bite at the apple" or to provide a mechanism for losing parties to ask the Court to rethink its decision.

Plaintiffs fail to meet the standard for reconsideration: they do not cite a change in the controlling law—let alone address the controlling law for reconsideration or supplementing the record; they do not demonstrate a clear error of law or fact, although they do accuse PGW of misleading the Court and violating its discovery obligations; and they do not show the availability of any new evidence that they could not have discovered had they deposed Mr. Claus as part of their fact discovery, during which time he had been identified. Plaintiffs' motion instead serves as a sort of rebuttal to this Court's earlier Memorandum Opinion, which is not the purpose of reconsideration. Plaintiffs' (original) motion also insinuates that PGW violated its discovery obligations by not identifying Claus in its initial disclosures, even though there is no record evidence to support their supposition that Defendant had knowledge of the information which Clause has allegedly shared with Plaintiffs since his employment termination. Even so, the Court has revisited its earlier ruling in light of Plaintiffs' more-recent filing, but finds that Plaintiffs' motion is still without merit. Accordingly, Plaintiffs' motion for reconsideration is **DENIED**.

**SO ORDERED**, this 30th day of June, 2015.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: All counsel of record.