# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUDOLPH A. KARLO and MARK K. MCLURE, | ) ) ) |
| Plaintiffs, | ) ) 2:10-cv-1283 ) |
| vs. | ) ) ) |
| PITTSBURGH GLASS WORKS, LLC, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is the DEFENDANT'S MOTION TO SEVER AND/OR FOR SEPARATE TRIALS (ECF No. 461) filed by Pittsburgh Glass Works, LCC ("PGW"). Plaintiffs Rudolph A. Karlo and Mark K. McLure have filed a brief in opposition (ECF No. 462). For the reasons that follow, the Court will grant the motion of PGW for separate trials.

### I. Background

The parties, counsel, and the Court are familiar with the background of this case and, therefore, the Court will not recite the facts at any length. The following is a brief recitation of the parties' positions relevant to the issue presently before the Court.

PGW requests that the Court sever the retaliation claims of Karlo and McLure and/or order separate trials, arguing that the two remaining claims involve different Plaintiffs, different operational business units, different facts, different decision-makers, and (almost completely) different witnesses. For their part, Plaintiffs disagree with that view and oppose PGW's motion on several grounds, including their joint pursuit of this litigation for the past five years. The motion is ripe for disposition.

## II. Legal Standard

Federal Rule of Civil Procedure 20(b) provides that "[t]he court may issue orders -- including an order for separate trials -- to protect a party against embarrassment, delay, expense, or other prejudice that arises from including a person against whom the party asserts no claim and who asserts no claim against the party." "Aside from emphasizing the availability of separate trials," however, "Rule 20(b) has little significance inasmuch as the power granted the court therein also is provided by the much broader grant of discretion set forth in Rule 42(b)." 7 The Late Charles Alan Wright, et al., Federal Practice and Procedure § 1660 (3d ed. Suppl. 2015).

Rule 42(b) states, in relevant part, that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." "This decision must be made on a case-by-case basis, however, only one of these factors must be met to justify bifurcation." *A.G. Cullen Const., Inc. v. Travelers Cas. & Sur. Co. of Am.*, No. 07-765, 2009 WL 3634084, at *1 (W.D. Pa. Oct. 30, 2009).

Courts consider the same factors when deciding a motion brought under Rule 21, *Graudins v. Retro Fitness, LLC*, 921 F. Supp. 2d 456, 468 (E.D. Pa. 2013), which "furnishes the mechanism for separating a case into separate actions, *i.e.*, severance," *Acevedo-Garcia v. Monroig*, 351 F.3d 547, 558 (1st Cir. 2003). As the rule states, in relevant part: "On motion or on its own, the court may at any time, on just terms, add or drop a party" and permits "[t]he Court to sever any claim against a party." Fed. R. Civ. P. 21.

"While these two rules have similar effects, they function differently." *Graudins*, 921 F. Supp. 2d at 468. "The salient distinction between these two procedural devices concerns the

appealability of an order terminating the proceedings in a partitioned piece of the litigation." *Acevedo-Garcia*, 351 F.3d at 559. In other words, "[s]everance pursuant to Rule 21 essentially creates a separate case, the disposition of which is final and appealable," while "Rule 42(b) does not create a new case, but bifurcates issues or claims within a single case for separate trials." *Graudins, LLC*, 921 F. Supp. 2d at 468.

Either way, a district court must ultimately consider the following factors before ordering separate trials:

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.

*Crown Cork & Seal Co. Master Ret. Trust v. Credit Suisse First Boston Corp.*, 288 F.R.D. 331, 333 (S.D.N.Y. 2013) (citing *Erausquin v. Notz, Stucki Mgmt. (Bermuda) Ltd.*, 806 F.Supp. 2d 712, 720 (S.D.N.Y. 2011); *In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, 214 F.R.D. 152, 154-55 (S.D.N.Y. 2003)). "Courts generally avoid separating trials, however." *Graudins*, 921 F. Supp. 2d at 468 (citing *Corrigan v. Methodist Hosp.*, 160 F.R.D. 55, 56 (E.D. Pa. 1995)). "This is because a single trial will generally lessen the delay, expense and inconvenience to the parties and the courts." *Id.* Ultimately, the decision is committed to the sound discretion of the district court. *Id.*

### III. Discussion

#### A. Whether to Order Separate Trials

As a threshold matter, the Court must first decide whether it should order separate trials on the retaliation claims of Plaintiffs Karlo and McLure. On balance, the relevant factors weigh in favor of granting the motion of Defendant PGW.

3

At first blush, it appears that the claims of Karlo and McLure involve mostly different witnesses. For instance, potential witnesses and decision-makers related to Karlo's claim include Mark Soderberg, Plant Manager; John Felker, H.R. Manager; Thomas Showers, Line 1 Value Stream Manager; and Robert Pinchok, Line 2 Value Stream Manager – all of whom worked PGW's Creighton, PA facility. As for McLure, potential witnesses and decision-makers include a different set of individuals: Peter Dishart, Director of New Product Development; Mark Bulger, Manager of Quality Assurance Automotive Glass; Bruce Bartug, Senior Engineering Specialist; and Steve Parsons, Senior Technical Assistant – all of whom worked at PGW's Harmarville, PA facility. According to Plaintiffs, however, they intend to call at least five common witnesses at trial: Dishart, Parsons, and Soderberg as well as PGW's Director of Manufacturing Technology, Gary Cannon, PGW's Vice President of Human Resources, Robert McCullough, and the parties' respective expert witnesses regarding damages.[1]

Nevertheless, Plaintiffs' respective claims are factually distinct. As the parties, counsel, and the Court are well-aware, the remaining claims stem from positions that Karlo and McLure were engaged/employed at, respectively, PGW's Creighton Manufacturing Plant and its Glass Research Center in Harmarville, after they had each rejoined PGW under separate and unique circumstances. At these two locations, Karlo and McLure worked in separate business units, interacted with different individuals, decision-makers and human resources personnel, and were terminated months apart – all of which the Court has previously detailed at some length. *See generally* Mem. Op. at 12-19, ECF No. 448 (discussing the return of Karlo and McLure to PGW following the RIF). The differences extend further: their work history, qualifications,

---

1. It is unclear what connection, if any, Karlo had to Dishart and Parsons, and what the association is, if any, between Soderberg and McLure. Be that as it may, the Court need not weigh in on this matter at this time.

4

performance levels, and claims for damages are also highly individualized. The evidence common to each of these Plaintiffs would thus be quite limited.

Presenting these individual claims to a single jury in a one trial is also likely to confuse the factfinders. For instance, a jury may improperly consider evidence related to one Plaintiff, but not the other, "presenting the jury with the 'hopeless task of trying to discern who did and said what to whom and for what reason.'" *Bailey v. N. Trust Co.*, 196 F.R.D. 513, 518 (N.D. Ill. 2000) (quoting *Moorhouse v. Boeing Co.*, 501 F. Supp. 390, 392 (E.D. Pa. 1980)). Moreover, "[t]he jury may simply resolve the confusion by considering all the evidence to pertain to all the plaintiffs' claims, even when it is relevant to only one plaintiff's case." *Id.* In addition, there is some danger that "one or two plaintiff's unique circumstances could bias the jury against defendant generally, thus prejudicing defendant with respect to the other plaintiffs' claims." *Id.*; *see also Disparte v. Corporate Executive Bd.*, 223 F.R.D. 7, 15 (D.D.C. 2004) (noting that "different supervisors and job functions among the plaintiffs are factors recognized as potential sources of prejudice."). As such, the need to focus the factfinder's attention on the merits of each Plaintiff's claim weighs against proceeding with both Plaintiffs in a single trial.

At the same time, the Court appreciates the additional time and expense, inconvenience, and (perhaps) duplicative efforts that two trials may entail. Those considerations do not, however, outweigh the likely potential for prejudice and confusion to an unbiased jury. Accordingly, the Court will order two separate trials.

**B. Whether to Bifurcate or Sever**

Although this "Court's determination as to whether it should sever the claims of the plaintiffs under Rule 21 or whether it should order separate trials under Rule 42 requires the same considerations, *Morris v. Northrop Grumman Corp.,* 37 F.Supp.2d 556, 580 (E.D.N.Y.

1999), "[t]he distinction between the two rules is jurisdictionally significant," *Gaffney v. Riverboat Servs. of Indiana, Inc.*, 451 F.3d 424, 442 (7th Cir. 2006); *see also Acevedo-Garcia*, 351 F.3d at 559 ("Although the court accurately observed that it had wide discretion to manage the litigation under either rule, the particular procedural device it employed is of paramount importance in this appeal"). Thus, the Court must also decide whether bifurcation or severance is the appropriate mechanism for ordering separate trials.

The United States Court of Appeals for the Seventh Circuit has provided some useful guidance in deciding whether to bifurcate or sever:

> [A] district court may sever claims under Rule 21, creating two separate proceedings, so long as the two claims are "discrete and separate." In other words, one claim must be capable of resolution despite the outcome of the other claim. By contrast, bifurcation under Rule 42(b) is appropriate where claims are factually interlinked, such that a separate trial may be appropriate, but final resolution of one claim affects the resolution of the other.

*Gaffney v. Riverboat Servs. of Indiana, Inc.*, 451 F.3d 424, 442 (7th Cir. 2006) (citations omitted). Here, it is readily apparent to the Court that severance is the right approach. Either Plaintiff (or both of them) may win or lose at trial and the other would not be affected in any legally significant way. The resolution of one claim thus has no bearing on the outcome of the other. Accordingly, the Court will sever the claims of Karlo and McLure against PGW for separate trials.[2]

**IV. Conclusion**

For the reasons hereinabove stated, the Court will grant PGW's motion to server and/or for separate trials. An appropriate Order follows.

McVerry, S.J.

---

2. The Court notes that for purposes of convenience, the parties may still docket all filings at Civil Action No. 10-1283 and may designate the respective plaintiff in the caption.

6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUDOLPH A. KARLO and MARK K. MCLURE, | ) ) ) |
| Plaintiffs, | ) 2:10-cv-1283 ) |
| vs. | ) ) |
| PITTSBURGH GLASS WORKS, LLC, | ) ) ) |
| Defendant. | ) ) |

## ORDER OF COURT

AND NOW, this 16th day of October, 2015, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that DEFENDANT'S MOTION TO SEVER AND/OR FOR SEPARATE TRIALS (ECF No. 461) filed by Pittsburgh Glass Works, LCC is **GRANTED**. It is **FURTHER ORDERED** that a Telephonic Status Conference is hereby scheduled on Wednesday, October 21, 2015 at 10:00 AM to discuss the scheduling of successive trials on the remaining retaliation claims of Plaintiffs Rudolph A. Karlo and Mark K. McLure.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc    All Counsel of Record

      (via CM/ECF)